UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ZAVALA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1:26-cv-02254-KES-EGC (HC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(Doc. 1)<br><br>[14-DAY DEADLINE] |

## I. INTRODUCTION

Petitioner Daniel Zavala is an immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). He contends that his prolonged detention under 8 U.S.C. § 1226(c) without a bond hearing violates the Due Process Clause of the Fifth Amendment. (*Id.*). Respondents answered and waived any hearing, consenting to a decision on the papers. (Doc. 9). Petitioner filed a traverse. (Doc. 11). For the reasons discussed below, the undersigned recommends that the petition be granted and that Respondents be directed to provide Petitioner an individualized bond hearing.

## II. BACKGROUND

Petitioner is a native and citizen of Mexico who was admitted to the United States at El Paso, Texas, on or about November 10, 1993, as a lawful permanent resident. (Doc. 9, Ex. 1). On

August 29, 2025, he was convicted in the Superior Court of California, County of San Bernardino, of second-degree robbery in violation of California Penal Code § 211 and sentenced to a two-year term. (Doc. 9, Ex. 2).

On or about October 7, 2025, Petitioner was detained pursuant to a U.S. Immigration and Customs Enforcement ("ICE") detainer while Petitioner was in state custody at Wasco State Prison. (Doc. 9). On or about October 27, 2025, upon his release from state custody, Petitioner was taken into ICE custody and served with a Notice to Appear charging him as removable under 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien convicted of an aggravated felony. (*Id.*). Respondents detain Petitioner as subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(B). (*Id.*). On July 14, 2026, Respondents advised the Court that the claimed detention authority has not changed. (Doc. 13).

Petitioner filed the instant petition on March 23, 2026. (Doc. 1). As of the date of these findings, Petitioner has been detained by ICE for approximately nine months without a bond hearing.

## III. DISCUSSION

### A. Respondent's Exhaustion Argument Does Not Reach Petitioner's Claim

Respondents contend that any challenge to Petitioner's classification as subject to mandatory detention must be raised through a "Joseph Hearing" before the immigration judge, and that Petitioner has failed to exhaust that remedy. (Doc. 9 at 3 (citing *Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999))). That argument is misdirected. A Joseph Hearing addresses only whether a detainee is properly included within a mandatory-detention category or whether the government is substantially likely to establish the mandatory-detention grounds. It does not provide any individualized assessment of flight risk or dangerousness, and it affords no bond determination.

Petitioner does not appear to contest that his robbery conviction is a proper predicate for detention under section 1226(c). Instead, Petitioner argues that the duration of his detention without any individualized bond determination now offends due process. That claim does not depend on the classification question a Joseph Hearing resolves, and exhaustion of that administrative remedy is therefore not required. For purposes of these findings, the undersigned assumes that Petitioner

is properly detained under section 1226(c) and does not reach whether his conviction qualifies as an aggravated felony.

**B. Petitioner's Prolonged Detention Without a Bond Hearing Violates Due Process**

A district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020). The Supreme Court has confirmed that federal courts have jurisdiction to review a constitutional challenge to a noncitizen's detention. *See Demore v. Kim*, 538 U.S. 510, 517 (2003).

The Fifth Amendment's Due Process Clause provides that no person shall be "deprived of life, liberty, or property, without due process of law." "It is well established that the Fifth Amendment entitles aliens to due process of law" in removal proceedings, *Reno v. Flores*, 507 U.S. 292, 306 (1993), and "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem," *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). "Detention during removal proceedings is a constitutionally permissible part of that process." *Demore*, 538 U.S. at 531. Courts in this circuit, including this Court, evaluate due process challenges and bond hearings in the immigration context and under the three-factor framework of *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022); *Diep v. Wofford*, No. 1:24-cv-01238-SKO, 2025 WL 604744 (E.D. Cal. Feb. 25, 2025).

Under the *Mathews* test, the "identification of the specific dictates of due process generally requires consideration of three distinct factors." *Mathews*, 424 U.S. at 334–35. "First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.* at 335.

//

i. Private Interest.

Petitioner's interest in "freedom from prolonged detention" is "unquestionably substantial." *Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011). Petitioner has now been detained approximately nine months, which is beyond the six-month period the Supreme Court has treated as presumptively reasonable. *Zadvydas*, 533 U.S. at 701. On the present record—nine months of detention and no individualized hearing of any kind—the private-interest factor weighs in Petitioner's favor.

ii. Risk of Erroneous Deprivation.

"[T]he risk of an erroneous deprivation of [a petitioner's] interest is high" where he "has not received any bond or custody redetermination hearing." *Jimenez v. Wolf*, No. 19-cv-07996-NC, 2020 WL 510347, at *3 (N.D. Cal. Jan. 30, 2020). Petitioner has received none. The very premise of an individualized bond hearing is that assertions of dangerousness and flight risk are tested before a neutral adjudicator rather than presumed from the face of a charging document. Whatever the outcome of a bond hearing, where the Government may well carry its burden, the probable value of subjecting its allegations to individualized scrutiny after nine months of detention is substantial, and the risk of erroneous deprivation in the continued absence of any hearing is likewise high. This factor favors Petitioner.

iii. Government's Interest.

The Government's interest "[includes] the function involved and the fiscal and administrative burdens that the additional or substitute requirement would entail." *Mathews*, 424 U.S. at 335. The Government has a strong interest in effecting removal. *Demore*, 538 U.S. at 531. In addition, the Government has a strong interest in protecting the public. But the key Government interest at stake here "is not the continued detention of Petitioner, but the Government's ability to detain him *without a bond hearing*." *Zagal-Alcaraz v. ICE Field Office Dir.*, No. 3:19-cv-01358-SB, 2020 WL 1862254, at *7 (D. Or. Mar. 25, 2020). Providing a single individualized hearing imposes minimal fiscal and administrative burden, and it does not compel Petitioner's release. If the Government establishes that Petitioner is a danger or a flight risk, his detention will continue. The Government's interest in avoiding that limited process does not outweigh Petitioner's

substantial liberty interest after nine months without review.

Weighing the *Mathews* factors, the Court concludes that Petitioner's continued detention under section 1226(c), without any individualized bond hearing, has become unreasonably prolonged, and that due process now requires an individualized bond hearing. To the extent Petitioner separately contends that recent changes to the Executive Office for Immigration Review have rendered the immigration courts incapable of impartial adjudication (Doc. 11 at 4-11), the undersigned does not need to reach that argument. The individualized bond hearing recommended here supplies the process due, and the undersigned presumes that the immigration judge will conduct that hearing in accordance with this order and governing law. *See Withrow v. Larkin*, 421 U.S. 35, 47 (1975) (presumption of honesty and integrity in those serving as adjudicators).

## IV. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus (Doc. 1) be **GRANTED**;

2. Within ten (10) days of any order adopting these findings and recommendations, Respondents be ORDERED to provide Petitioner an individualized bond hearing before an immigration judge. *See Lopez v. Garland*, 631 F. Supp. 3d 870, 882 (E.D. Cal. 2022) (identifying a bond hearing as the appropriate remedy, rather than release). At the hearing, the Government must establish "by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond." *Id.* (citations omitted). If Respondents fail to provide Petitioner with a bond hearing as required by the Court's order, Petitioner should be immediately released from detention.

These Findings and Recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id.* The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall

not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **July 17, 2026**

Erin Sung Castillo
UNITED STATES MAGISTRATE JUDGE